```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


     UNITED STATES OF AMERICA          :

               v.                      :   CRIMINAL NO. 1:CR-00-198
                                           CRIMINAL NO. 1:CR-00-350
     DAVID ARTHUR LUCAS,               :   CRIMINAL NO. 1:CR-01-152
                    Defendant              CRIMINAL NO. 1:CR-01-182
                                           (Judge Kane)
```

**FILED**
HARRISBURG, PA

MAY 1 4 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

```
                         TRANSCRIPT OF PROCEEDINGS

                                 SENTENCING

              Before:   Hon. Yvette Kane, Judge

              Date:     April 12, 2002

              Place:    Courtroom No. 4
                        Federal Building
                        Harrisburg, Pa.



     COUNSEL PRESENT:

          DENNIS C. PFANNENSCHMIDT, Assistant U.S. Attorney

               For - Government

          JEFFREY S. HARK, Esquire

               For - Defendant


                                          Monica L. Zamiska, RPR
                                          Official Court Reporter
```

1   THE COURT:  Mr. Pfannenschmidt.
2   MR. PFANNENSCHMIDT:  Good morning, Your Honor.
3   THE COURT:  Mr. Hark.
4   MR. HARK:  Good morning, Your Honor.
5   MR. PFANNENSCHMIDT:  Your Honor, this is the matter
6   of the United States v. David Lucas.  Mr. Lucas had
7   previously pled guilty to five counts of bank robbery and
8   one count of firearm used in a crime of violence captioned to
9   four different numbers.  A presentence report has been
10  completed.  At this time there have been no objections noted.
11  Mr. Lucas is present for sentencing with his counsel Mr.
12  Hark.
13  THE COURT:  Thank you.  Mr. Hark, is there anything
14  you would like to present on behalf of Mr. Lucas?
15  MR. HARK:  Judge, the presentence report is
16  extensive and thorough.  I would just point out to Your Honor
17  that based on the consecutive nature under Count 2 of
18  indictment 01-182-01 that with the guidelines for the other
19  pleas of 292 months and 365 months and a consecutive term of
20  an additional 10 years, that I would request the Court move
21  on the side of the lower end of the guideline scale as a
22  result of that.  I understand the significant nature of the
23  offenses, my client's conduct, my client's conduct while
24  incarcerated and the victim impact statements are significant
25  and very weighty not just to the Court I hope but to me as

1  well. My client accepts the responsibility for his acts. He
2  did cooperate. He did plead guilty without a trial.
3  Although there is no credit for that due to his subsequent
4  conduct, I would request the Court sentence him to 292 months
5  plus the mandatory consecutive term, as opposed to the 365
6  months, Your Honor. I submit the defendant to the Court.
7          THE COURT: All right. Mr. Lucas, would you like
8  to speak? You are allowed to say anything on your own behalf
9  that you wish.
10         THE DEFENDANT: (Shook head back and forth.)
11         THE COURT: Mr. Pfannenschmidt.
12         MR. PFANNENSCHMIDT: I have nothing further to add,
13 Your Honor.
14         THE COURT: All right. Mr. Lucas, I hoped by this
15 point things would start to turn around a little for you.
16 You're in a hard place obviously, but it looks like from
17 everything I have read in the probation report you're making
18 your life harder. I hope that you don't continue to do that.
19 This is a long, long time. I think your lawyer is right with
20 the 10 year Hobbs Act that I have to give you, I don't have a
21 choice about that, and the 292 minimum, 292 months minimum
22 sentence on the other counts, that's over 34 years. That's a
23 long time to be throwing things and fighting with people. So
24 hopefully you can turn it around and keep yourself safe.
25         Pursuant to the Sentencing Reform Act of 1984 it's

1   the judgment of the Court that the defendant David Arthur
2   Lucas is hereby committed to the custody of the Bureau of
3   Prisons to be imprisoned for a term of 412 months.  This term
4   consists of 292 months on each of Counts 1 and 3 in case No.
5   1:CR-01-182-01 and the sole count in case 1:CR-00-350-01 and
6   240 months on each count in cases 1:CR-01-152-01 and
7   1:CR-00-198-01 to be serve concurrently.  On Count 2 of case
8   1:CR-00-182-01 the defendant is committed for a term of 120
9   months to run consecutive to the sentences imposed in cases
10  1:CR-01-152-01; 1:CR-01-182-01, Counts 1 and 3;
11  1:CR-00-350-01 and 1:CR-00-198-01.
12          The Court finds that the defendant has the ability
13  to pay restitution but not a fine.  Accordingly it is further
14  ordered that the defendant make restitution in the total
15  amount of $40,384.17 to the victims in the amounts and at the
16  addresses as set forth in the presentence report.  The
17  interest requirement is waived.  The defendant shall also pay
18  to the United States a special assessment of $100 on each
19  count for total assessments of $600.  Said sums shall be paid
20  through the Clerk of Court, are due immediately and are
21  payable during the period of incarceration with any balance
22  to be paid within 5 years of release from custody.
23          On release from custody the defendant shall be
24  placed on supervised release for a term of 5 years.  This
25  term consists of terms of 5 years on each of Counts 1 and 3

1  of cases 1:CR-01-182-01, 1:CR-00-350-01 and 3 years on cases
2  1:CR-01-152-01 and 1:CR-00-198-01 to be served concurrently.
3             Within 72 hours of release from the custody of the
4  Bureau of Prisons the defendant shall report in person to the
5  probation office in the district to which he is released.
6             While on supervised release the defendant shall
7  comply with the standard conditions that have been adopted by
8  the Court and with the following special conditions:  In view
9  of the defendant's economic circumstances the defendant shall
10 pay any balance of the restitution imposed by this judgment
11 which remains unpaid at the commencement of the term of
12 supervised release in minimum monthly installments of no less
13 than $100.  The defendant shall cooperate in the collection
14 of DNA as directed by the probation officer.  The defendant
15 shall submit to one drug test within 15 days of release from
16 custody and at least two periodic drug tests thereafter.
17            Mr. Lucas, you do have a right to appeal your
18 conviction if you believe that your guilty plea was somehow
19 unlawful or involuntary or that there was some other
20 fundamental defect in the proceedings that you did not waive
21 by entering your guilty plea.  You also have a statutory
22 right to appeal your sentence under certain circumstances,
23 particularly if you think the sentence I now imposed is
24 contrary to law.  With very few exceptions any notice of
25 appeal would have to be filed within 10 days after imposition

1  of sentence.

2  If you are not able to pay the costs of appeal, you
3  could apply for leave to appeal in forma pauperis, and if you
4  so request, the Clerk of Court would prepare and file a
5  notice of appeal on your behalf.

6  The basis for the sentence is as follows: The
7  Court adopts the factual findings and guideline application
8  in the presentence report. The fine is waived because of the
9  defendant's inability to pay. The sentence is within the
10 guideline range, that range exceeeds 24 months, and the
11 sentence is imposed for the following reasons: In
12 consideration of the mandatory consecutive 10 year term a
13 sentence at the low end of the range is believed sufficient
14 to satisfy sentencing objectives.

15 Anything else for the record in this case, counsel?
16 MR. PFANNENSCHMIDT: No, Your Honor.
17 MR. HARK: Your Honor, one thing, you indicated
18 within 72 hours of release he must present himself to a
19 parole office. He has two detainers pending, one in Cape May
20 County and another one in Huntingdon County, Pennsylvania, so
21 I don't know that he is actually going to be able to: (1) be
22 released and (2) be able to present himself for supervised
23 parole supervision enrollment.
24 THE COURT: Mr. Pfannenschmidt, when do those
25 expire?

1           MR. PFANNENSCHMIDT:  I'm sorry?

2           THE COURT:  Would those not expire, those

3  detainers?

4           MR. PFANNENSCHMIDT:  I believe they are still

5  pending, Your Honor.  They would have to act on them.

6           THE COURT:  I mean in 34 years.

7           MR. PFANNENSCHMIDT:  Oh, I'm not sure what the

8  limit is, Your Honor.  I think there is a possibility that

9  they will be resolved long before.

10          THE COURT:  I would think.  Do you know?

11          MR. VOUGHT:  When a person is incarerated, the

12  Bureau of Prisons tries to clear up the matters.

13          MR. HARK:  Judge, I'll send a letter to the courts

14  indicating what the judgment of conviction was on these

15  matters, and I'm sure I will receive a copy of that, a

16  certified copy of that, that I would be able to send to them,

17  so maybe they -- and I will contact the prosecutor's office

18  and have them maybe administratively dismiss the matters.  I

19  attempted to do that previously, but there was --

20          THE COURT:  They were awaiting sentencing I'm sure.

21          MR. HARK:  Well, there was numerous matters in

22  numerous counties, and I was able to have some of the

23  prosecutors understand where we were going, but some county

24  prosecutors did not want to participate.

25          THE COURT:  All right, thank you.  We'll be in

8

1   recess.
2           MR. HARK:  Thank you, Your Honor.
3           (The proceedings concluded.)
4
5           I hereby certify that the proceedings and evidence
6   of the court are contained fully and accurately in the notes
7   taken by me on the sentencing of the within cause and that
8   this is a correct transcript of the same.

*Monica L. Zamiska*

                    Monica L. Zamiska, RPR
                    Official Court Reporter